**Rowana K. RIGGS, Plaintiff,**

v.

**CUNA MUTUAL INSURANCE SOCIETY, Defendant.**

**Civil Action No. 00–2432–GTV.**

United States District
Court, D. Kansas.

Oct. 10, 2001.

Rowana K. Riggs, Wichita, KS, pro se.

Trisha A. Thelen, Darrell L. Warta, William M. Anderson, Foulston & Siefkin L.L.P., Wichita, KS, for defendant.

## MEMORANDUM AND ORDER

VANBEBBER, Senior District Judge.

Plaintiff Rowana K. Riggs brings this action alleging that defendant CUNA Mutual Insurance Society discriminated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and Titles I, II and III of the Americans with Disabilities Act,[1]

---

1. As an initial matter, the court notes that plaintiff failed to specifically allege in either her original complaint (Doc. 1) or her amended complaint (Doc. 11) any violation of Title III of the Americans with Disabilities Act. Rather, plaintiff's first reference to Title III appeared in her response to defendant's motion to dismiss (Doc. 18). However, because

42 U.S.C. § 12111 et seq. ("Title I," "Title II," and "Title III" of the ADA, respectively), by denying plaintiff's claim for disability benefits under a pre-existing condition clause. The matter is before the court on defendant's motion to dismiss (Doc. 13). For the reasons set forth below, defendant's motion is granted.

## I. FACTUAL BACKGROUND

Plaintiff filed her complaint in this action on September 27, 2000 (Doc. 1). Although somewhat difficult to comprehend, plaintiff's complaint appears to allege that defendant violated Title VII and Titles I and II of the ADA by denying plaintiff benefits under a disability insurance plan. Plaintiff's only request for relief in her complaint is a request for punitive damages.

Following receipt of plaintiff's complaint, defendant filed a motion for a more definite statement. The court granted defendant's motion, and plaintiff filed an amended complaint on December 18, 2000 (Doc. 11). In her amended complaint, plaintiff alleges violations of Title VII and Title I of the ADA and requests actual, compensatory and punitive damages under the Civil Rights Act of 1991. Plaintiff also expounds upon her original factual allegations by claiming that defendant wrongfully denied plaintiff disability benefits for her carpal tunnel syndrome by excluding her from coverage under the insurance contract's pre-existing condition clause. Plaintiff claims that, although she is currently totally disabled under the ADA, she did not have a pre-existing condition at the time defendant denied her disability benefits. Accordingly, plaintiff claims that defendant failed to honor its contract with her.

## II. DISCUSSION

Defendant moves for dismissal of plaintiff's claims pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). In support of its motion, defendant advances the following arguments. First, defendant contends that plaintiff's claim under Title VII fails because plaintiff has not alleged that defendant is an "employer" within the meaning of the statute. Second, defendant claims that plaintiff's claim under Title I of the ADA fails because plaintiff has not alleged that defendant is an "employer" within the meaning of that statute. Third, defendant argues that plaintiff's claim under Title II of the ADA fails because plaintiff has not alleged that defendant is a "public entity" within the meaning of the statute. Finally, defendant maintains plaintiff's claim under Title III of the ADA fails because the ADA regulates the sale, not the content, of insurance policies and because plaintiff seeks only monetary damages, which are not authorized by Title III.

### A. Motion to Dismiss Standard

■ Before turning to the merits of the parties' arguments, the court must begin by determining the proper procedural standard to apply in this case. As noted, defendant moves to dismiss plaintiff's claims under Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Although often ignored, the distinction between Rules 12(b)(1) and 12(b)(6) "can have significant and even dispositive impact on a case...." *Davoll v. Webb*, 194 F.3d 1116, 1129 n. 3 (10th Cir. 1999).

■ Rule 12(b)(1) permits a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed.R.Civ.P.

---

plaintiff is proceeding pro se and because courts may consider representations made in a plaintiff's brief to clarify allegations contained the plaintiff's complaint, the court—in an abundance of caution—addresses arguments relating to Title III in this Memorandum and Order. See *Pegram v. Herdrich*, 530 U.S. 211, 230 n. 10, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000) (citations omitted) ("[The court] may use [plaintiff's] brief to clarify allegations in [the] complaint whose meaning is unclear.").

12(b)(1). The burden of establishing subject-matter jurisdiction is generally not an onerous one. Specifically, the Supreme Court has stated "that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e., the courts' statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (citation omitted). If the complaint seeks recovery under a federal statute, the court must entertain the suit unless the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." B*ell v. Hood*, 327 U.S. 678, 681–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946). In this case, plaintiff seeks relief under Title VII and the ADA. The court does not find plaintiff's claims under those federal statutes to be either immaterial or insubstantial. Therefore, the court has subject-matter jurisdiction over plaintiff's claims and will analyze defendant's motion under Rule 12(b)(6).

Rule 12(b)(6) permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R.Civ.P. 12(b)(6). A Rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling her to relief under her theory of recovery. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984) (citation omitted). The court must view all reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed. *Id.* (citation omitted). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff may offer evidence to support his claims.

*Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

■ Because plaintiff is proceeding pro se, the court affords her more leniency in construing her complaint. See *Asselin v. Shawnee Mission Med. Ctr., Inc.*, 894 F.Supp. 1479, 1484 (D.Kan.1995) (citation omitted). The court may not, however, assume the role of advocate for plaintiff simply because she is proceeding pro se. See *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Although not required to precisely state each and every element of her claim, plaintiff must at least advance minimal factual allegations on the material elements of her claim to survive defendant's Rule 12(b)(6) motion to dismiss. See *Miller v. Brungardt*, 904 F.Supp. 1215, 1217 (D.Kan.1995) (citing *Hall*, 935 F.2d at 1110).

### B. Title VII

■ Defendant argues that plaintiff's claim under Title VII fails because plaintiff does not allege that defendant is an "employer" within the meaning of the statute. The court agrees with defendant and concludes that the allegations in plaintiff's complaint relating to Title VII fail to state a claim upon which relief can be granted.

Title VII provides, in pertinent part, that:

> It shall be an unlawful employment practice for an employer—to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin....

42 U.S.C. § 2000e–2(a)(1) (emphasis added). Title VII defines the term "employ-

er" as "a person engaged in an industry affecting commerce who ·has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person. . . ." Id. § 2000e(b) (emphasis added).

In this case, plaintiff fails to advance the minimal factual allegations necessary to establish that defendant qualifies as an "employer" under Title VII.[2] Because plaintiff's Title VII allegations fail to state a claim upon which relief can be granted, the court grants defendant's motion to dismiss that claim.

### C. Title I of the ADA

■ Defendant also argues that plaintiff's claim under Title I of the ADA fails because plaintiff does not allege that defendant is an "employer" within the meaning of that statute. The court agrees with defendant and concludes that the allegations in plaintiff's complaint relating to Title I of the ADA fail to state a claim upon which relief can be granted.

Title I of the ADA provides, in pertinent part, that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." Id. § 12112(a). Title I describes a "covered entity" as "an employer, employment agency, labor organization, or joint labor-management committee." Id. § 12111(2) (emphasis added). Title I defines the term "employer," in pertinent part, as "a person engaged in an industry affecting commerce who has 15 or more employees for each

working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person. . . ." Id. § 12111(5)(A) (emphasis added).

In this case, plaintiff fails to advance the minimal factual allegations necessary to establish that defendant qualifies as a "covered entity" under Title I of the ADA. Because plaintiff's allegations under Title I fail to state a claim upon which relief can be granted, the court grants defendant's motion to dismiss that claim.

### D. Title II of the ADA

■ Defendant contends that plaintiff's claim under Title II of the ADA fails because plaintiff does not allege that defendant is a "public entity" with the meaning of the statute. The court agrees with defendant and concludes that the allegations in plaintiff's complaint relating to Title II of the ADA fail to state a claim upon which relief can be granted.

Title II of the ADA provides, in pertinent part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." Id. § 12132 (emphasis added). Title II defines a "public entity" as "any State or local government; any department, agency, special purpose district, or other instrumentality of a State or States or local government; and the National Railroad Passenger Corporation, and any commuter authority. . . ." Id. § 12131(1).

In this case, plaintiff fails to advance the minimal factual allegations necessary to establish that defendant qualifies as a

---

**2.** The court notes plaintiff also fails to advance the minimal factual allegations to show she was discriminated against on the basis of any one of Title VII's protected categories, i.e., race, color, religion, sex, or national ori-

gin. The only protected category plaintiff notes in her complaint or amended complaint is disability, which is not covered under Title VII.

"public entity" under Title II of the ADA. Because plaintiff's allegations under Title II fail to state a claim upon which relief can be granted, the court grants defendant's motion to dismiss that claim.

### E. Title III of the ADA

 Finally, defendant maintains that plaintiff's claim under Title III of the ADA fails because the ADA regulates the sale, not the content, of insurance policies and because plaintiff's request for relief is limited to monetary damages, which are not authorized by Title III. The court agrees with defendant that Title III does not permit the recovery of monetary damages and, therefore, concludes that plaintiff's allegations relating to Title III, to the extent she has outlined them in her briefing, fail to state a claim upon which relief can be granted.[3]

42 U.S.C. § 12188 dictates that the remedies available under Title III are the same as those outlined in 42 U.S.C. § 2000a–3(a). 42 U.S.C. § 12188(a)(1). According to the United States Supreme Court, monetary damages are not available under 42 U.S.C. § 2000a–3(a). *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 401–02, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968); see also Steadman v. Center on Deafness, No. 95–1136, 1995 WL 496763, at *1 (10th Cir. Aug. 22, 1995) (affirming district court's dismissal of plaintiff's Title III claims under Rule 12(b)(6) because money damages are not available to individual plaintiffs under Title III).

In this case, plaintiff's request for relief is limited to monetary damages; she has not requested injunctive relief. Because there exists no set of facts that would entitle plaintiff to relief under her theory of recovery, plaintiff's allegations under Title III fail to state a claim upon which relief can be granted, and the court grants defendant's motion to dismiss that claim.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion to dismiss (Doc. 13) is granted as to all of plaintiff's claims.

The case is closed.

Copies of this order shall be transmitted to pro se plaintiff Rowana K. Riggs and counsel of record for defendant.

**IT IS SO ORDERED.**

---

3. Because the court concludes defendant's motion to dismiss should be granted on the basis that the monetary relief sought by plaintiff is not available to her under Title III, the court declines to specifically address defendant's first argument, i.e., that plaintiff's Title III claim should be dismissed because the ADA regulates the sale, not the content, of insurance policies. The court notes, however, that a pre-existing condition clause like that allegedly contained within plaintiff's disability insurance contract probably does not violate the ADA so long as the clause does not contain any disability-based distinctions. See, e.g., *McLaughlin v. Gen. Am. Life Ins.*, No. 97–1410, 1998 WL 736689, at *2 (E.D.La. Oct.21, 1998).