**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**JUL 9 2002**

**PATRICK FISHER**
**Clerk**

ROWANA K. RIGGS,

      Plaintiff - Appellant,

v.

CUNA MUTUAL INSURANCE
SOCIETY,

      Defendant - Appellee.

No. 01-3387
(D.C. No. 00-CV-2432-GTV)
(D. Kansas)

ORDER AND JUDGMENT *

Before **HENRY** and **HOLLOWAY** , Circuit Judges, and **BRORBY** , Senior
Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Rowana K. Riggs appeals from an order of the district court granting defendant's motion to dismiss this action brought pursuant to Title VII and the Americans with Disabilities Act (ADA). See Riggs v. Cuna Mut. Ins. Soc'y, 171 F. Supp. 2d 1210 (D. Kan. 2001). We affirm.

In 1998, Ms. Riggs purchased a disability insurance policy on two car loans from defendant. She later made a claim on the basis that she was disabled due to carpal tunnel syndrome. Defendant denied the claim because her carpal tunnel syndrome was a pre-existing condition. Ms. Riggs then commenced this action in which she claimed defendant had violated Title VII and the ADA by not paying her benefits.

The district court granted defendant's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Ms. Riggs appeals, claiming that the court erred in its ruling.

"We review a dismissal under Rule 12(b)(6) de novo. Our function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002) (citations and quotations omitted). Because she is pro se, we construe Ms. Riggs's pleadings liberally. See Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999).

Title VII addresses only employment relationships. See 42 U.S.C. subchp. VI and § 2000e-2. Ms. Riggs did not allege, nor could she have alleged, that defendant was her employer. The district court ruled correctly in dismissing this claim.

The ADA protects several relationships. Under Title I, an employment relationship must exist. See 42 U.S.C. § 12112(a). The district court properly dismissed any claim under this title. Under Title II, public entities are prohibited from discriminating against qualified individuals with a disability. See id. § 12132. As defendant is not a public entity, see id. § 12131(1), the district court properly dismissed this claim.

Title III of the ADA regulates places of public accommodation, including insurance companies. See id. § 12182. Ms. Riggs does not appear to allege that defendant should have covered her pre-existing condition. See Riggs, 171 F. Supp. 2d at 1212. If, however, she is so alleging, a clause excluding coverage of pre-existing medical conditions is not prohibited by the ADA. See, e.g., Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1047 (9th Cir. 2000) (Title III does not address terms of policies insurance companies sell); McNeil v. Time Ins. Co., 205 F.3d 179, 186-87 (5th Cir. 2000) (Title III prohibits denying disabled the full and equal enjoyment of business's goods and services, not content and type of goods or services), cert. denied, 531 U.S. 1191 (2001);

Doe v. Mut. of Omaha Ins. Co., 179 F.3d 557, 558-64 (7th Cir. 1999) (noting that plaintiffs acknowledged insurance company's right to exclude coverage for applicant's pre-existing medical conditions and holding that ADA does not regulate content of products or services sold in places of public accommodation). Further, Ms. Riggs requested only money damages which are not permitted under this title. See 42 U.S.C. §§ 12188(a); 2000a-3(a); Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 401-02 (1968). The district court properly dismissed this claim also.

The judgment of the United States District Court for the District of Kansas is AFFIRMED for substantially the reasons set forth in its order of October 10, 2001. Plaintiff's motion to file a supplemental brief is GRANTED. The mandate shall issue forthwith.

Entered for the Court

Wade Brorby
Senior Circuit Judge

-4-