**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 1, 2005**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SOCIETY OF SEPARATIONISTS, a
non-profit Maryland corporation; G.
GASTER; R. KELSEY,

      Plaintiffs - Appellants,

v.

PLEASANT GROVE CITY, a
municipal corporation; JIM
DANKLEF, Mayor, in his official
capacity; MICHAEL DANIELS, City
Council Member, in his official
capacity; JEFF WILSON, City Council
Member, in his official capacity;
CINDY BOYD, City Council Member,
in her official capacity; DAROLD
MCDADE, City Council Member, in
his official capacity; MARK
ATWOOD, City Council Member, in
his official capacity; FRANK MILLS,
City Council Member, in his official
capacity,

      Defendants - Appellees.

------------------------

AMERICANS UNITED FOR
SEPARATION OF CHURCH AND
STATE,

      Amicus Curiae.

No. 04-4136

**Appeal from the United States District Court
for the District of Utah
(D.C. No. 03-CV-839-BSJ)**

Brian M. Barnard (James L. Harris with him on the briefs), Utah Legal Clinic, Salt Lake City, Utah for the Plaintiffs-Appellants.

Francis J. Manion, American Center for Law & Justice (Edward L. White III, Thomas More Law Center, Ann Arbor, Michigan with him on the brief), New Hope, Kentucky for the Defendants-Appellees.

Ayesha Khan and Richard B. Katskee, Washington, D.C., filed an amicus curiae brief for Americans United for Separation of Church and State.

Before **TACHA**, Chief Judge, **LUCERO,** and **MCCONNELL**, Circuit Judges.

**LUCERO**, Circuit Judge.

We informally abated this case – involving the continued placement of a Ten Commandments monument on a public park in Pleasant Grove, Utah – while awaiting the Supreme Court's decisions in <u>Van Orden v. Perry</u>, 125 S.Ct. 2854 (2005) and <u>McCreary County v. American Civil Liberties Union of Ky.</u>, 125 S.Ct. 2722 (2005). The Court has now decided these cases, and we reconsider the posture of the present case under the fact-intensive analysis prescribed by the Court's recent decisions.

In the proceedings below, plaintiffs and defendants filed cross-motions for Judgment on the Pleadings under Fed. R. Civ. P. 12(c).[1] The trial court determined that the plaintiffs' pleadings failed to state a claim upon which relief could be granted, and granted defendants' motion for judgment on the pleadings. "A decision by the district court granting a defense motion for judgment on the pleadings is reviewed de novo, using the same standard of review applicable to a Rule 12(b)(6) motion." Aspenwood Inv. Co. v. Martinez, 355 F.3d 1256, 1259 (10th Cir. 2004). "As with a ruling under Fed. R. Civ. P. 12(b)(6), we uphold a dismissal only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief." Deck v. Engineered Laminates, 349 F.3d 1253, 1256 (10th Cir. 2003) (quotations omitted). Given the myriad factual considerations dictated by the Court in Van Orden and McCreary, and the undeveloped record before us, we are unable to determine whether such facts may be developed by the parties as may allow them to proceed. We therefore **REVERSE** the lower court's grant of judgment on the pleadings and **REMAND** for further proceedings.

---

[1] Society of Separationists filed for judgment on the pleadings, despite a belief that the district court would rule against them, based on a desire to expedite appellate review. They hoped to persuade us to overturn our decision in Anderson v. Salt Lake City, 475 F.2d 29 (10th Cir. 1973) (upholding a municipal Ten Commandments display). Anderson is now superceded by Van Orden and McCreary.

The district court's grant of defendants' Motion to Substitute Parties is

**AFFIRMED**.[2]  We reserved ruling on Society of Separationists' Motions to

Strike Pleasant Grove's March 14, 2005 and July 15, 2005 letters to this court.

_____

[2] Plaintiffs also claim that the district court erred in substituting two defendants with their successors in office pursuant to Fed. R. Civ. P. 25(d). Subsequent to the initial filing of the case at bar, City Council elections were held and Michael Daniels and Cindy Boyd replaced Carol Harmer and G. Keith Corry. Fed. R. Civ. P. 25(d)(1) provides that "[w]hen a public officer is a party to an action in an official capacity and during its pendency . . . ceases to hold office . . . the officer's successor is automatically substituted as a party."  Plaintiffs argue that, even though it did not specify whether the suits against the City Council members were brought against them in their official or personal capacity, the district court erred in granting Pleasant Grove's 25(d)(1) motion because it should have determined that the suits were brought against the defendants in both their personal and official capacities.  Plaintiffs maintain that the correct result would have been to substitute the defendants in their official capacities but retain the old defendants, Harmer and Corry, in their personal capacities.  We disagree.

The Federal Rules of Civil Procedure Advisory Committee in its 1961 Note to Rule 25(d) wrote:

> The expression "in his official capacity" is to be interpreted in its context as part of a simple procedural rule for substitution; care should be taken not to distort its meaning by mistaken analogies to the doctrine of sovereign immunity from suit or the Eleventh Amendment. . . .  In general it will apply whenever effective relief would call for corrective behavior by the one then having official status and power, rather than one who has lost that status and power through ceasing to hold office.

At no time did plaintiffs seek to impose liability on Daniels and Boyd independent of the town.  This indicates that plaintiffs treated this lawsuit from its inception as a suit against the city, premised upon the actions of its agents. Furthermore, it is clear that effective, non-retroactive relief would "call for corrective behavior by the one [now] having official status and power."  We consider the present suit as one against the city council members in their official capacities for purposes of Rule 25(d).  Thus, according the automatic substitution was proper.  Although the district court did not fully explain its reasoning, this court can affirm for any reason that is supported by the record and the law. <u>See, e.g.</u>, <u>United States v. Corral</u>, 970 F.2d 719, 726 n.5 (10th Cir. 1992).

Because the letters, supporting plaintiffs' contentions from oral argument, do not comply with the limitations set forth in Fed. R. App. P. 28(j),[3] we **GRANT** the motions.

---

[3] Rule 28(j) provides only for citation of <u>supplemental</u> authority when pertinent and significant authorities come to the attention of a party after the party's brief has been filed, or after oral argument but before decision.