**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 14, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROWANA K. RIGGS,

Plaintiff-Appellant,

v.

AETNA LIFE INSURANCE CO.;
AMERICAN HERITAGE LIFE
INSURANCE CO.; BOEING
WICHITA CREDIT UNION; BOEING
MILITARY AIRCRAFT CO.; CUNA
MUTUAL INSURANCE SOCIETY,

Defendants-Appellees.

No. 05-3065
(D.C. No. 03-CV-2546-CM)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

---

Plaintiff Rowana K. Riggs, proceeding pro se here as in the district court,

appeals the district court's dismissal of her claims against the defendants

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

asserting violations of the Employee Retirement Income Security Act (ERISA), breach of contract, and tortious interference with contract.[1] We discuss separately Ms. Riggs' claims against the defendants.

*CUNA Mutual Insurance Society (CUNA)*

We first address Ms. Riggs' claims against CUNA because the status of those claims implicates our subject-matter jurisdiction. The district court issued an order dismissing the claims against the other defendants, but that order did not finally resolve the claims against CUNA. The defendants requested the district court to certify an appeal of a separate final judgment on fewer than all claims, as authorized by Fed. R. Civ. P. 54(b). The district court denied the Rule 54(b) motion. Ms. Riggs filed a notice of appeal, but this court lacked jurisdiction over the appeal because Ms. Riggs' claims against CUNA were not final. *See Jordan v. Pugh*, 425 F.3d 820, 826-27 (10th Cir. 2005) (holding appellate jurisdiction does not lie unless district court's order is final). This court abated the appeal and Ms. Riggs filed a motion in the district court to dismiss her claims against CUNA. The district court granted the motion and dismissed the claims against

---

[1]    The district court characterized Ms. Riggs' claims as falling under these theories of recovery. We, like the district court, have difficulty discerning the legal theories Ms. Riggs pursues. But since she does not challenge the district court's characterization of her claims, we assume they are as the district court framed them. We construe Ms. Riggs' claims liberally because she is representing herself. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

CUNA with prejudice,[2] thus making final all claims against all parties. The abatement order was lifted. This court has jurisdiction over the appeal. 28 U.S.C. § 1291.

We do not address the substance of Ms. Riggs' claims against CUNA, however, because she voluntarily dismissed those claims in the district court. By doing so, Ms. Riggs deprived the district court of an opportunity to rule on the merits, which, in turn, gives this court nothing to review. Further, we will not permit Ms. Riggs to circumvent Rule 54(b) by voluntarily dismissing her claims with prejudice in order to confer jurisdiction on this court, yet still pursue those claims on appeal. Therefore, we conclude that Ms. Riggs may not maintain her claims against CUNA on appeal. *See Pipeliners Local Union No. 799 v. Ellerd*, 503 F.2d 1193, 1199-00 (10th Cir. 1974) (holding parties' voluntary dismissal of their claims constituted a bar to attack on district court's earlier order dismissing their complaint).

---

[2] The record does not make clear whether the district court dismissed Ms. Riggs' claims against CUNA with or without prejudice. Ms. Riggs has stated unequivocally in her response to the abatement order that the dismissal was with prejudice. Therefore, we conclude that Ms. Riggs' claims against CUNA were dismissed with prejudice. Accordingly, we have jurisdiction. *Cf. Heimann v. Snead*, 133 F.3d 767, 769 (10th Cir. 1998) ("Parties may not confer appellate jurisdiction upon [the court of appeals] by obtaining a voluntary dismissal without prejudice of some claims so that others may be appealed.").

*American Heritage Life Insurance Co. (American)*

Ms. Riggs sued American alleging it denied her credit disability benefits to which she was entitled. The district court recognized that Ms. Riggs had filed an earlier lawsuit against American and ruled that the doctrine of res judicata, or claim preclusion, barred her from bringing the same or similar claims against American based on the same cause of action. Therefore, the district court dismissed the claims against American. "The application of res judicata is a question of law which we review *de novo*." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005), *cert. denied*, 126 S. Ct. 1622 (2006).

In Ms. Riggs' prior lawsuit against American, she asserted that "she became totally disabled due to bilateral carpal tunnel syndrome and [sought] damages for alleged violations of her civil rights stemming from American's refusal to pay total disability under two credit disability insurance policies." *Riggs v. Am. Heritage Life Ins. Co.*, 60 F.App'x 216, 218 (10th Cir. 2003).

"The doctrine of res judicata, or claim preclusion, will prevent a party from relitigating a legal claim that was or *could have been* the subject of a previously issued final judgment." *MACTEC, Inc.*, 427 F.3d at 831 (emphasis added). Ms. Riggs contends that her theories of recovery in this case – breach of contract, ERISA, and tortious interference with contract – are different from those raised in the prior case. Even if that were true, she is precluded from bringing them in this case because she could have raised these theories in her prior lawsuit which was

based on the credit disability insurance policies.  Accordingly, because we determine that the district court properly found the necessary elements of claim preclusion, *see id.*, we affirm the order dismissing American.

*Boeing Military Aircraft Co. (Boeing) and Aetna Life Insurance Co. (Aetna)*

Ms. Riggs brought claims for denial of benefits under ERISA against Boeing, her former employer, and Aetna, the claims administrator and fiduciary for Boeing's long- and short-term disability plans.  The district court dismissed the claims against these defendants under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

We review de novo a district court's Rule 12(b)(6) dismissal order.  *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).  "Dismissal of a complaint pursuant to Rule 12(b)(6) will be upheld only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief."  *Id.* (quotation omitted).

Ms. Riggs does not dispute Aetna's and Boeing's position that (1) Boeing's ERISA plan provides that claims are to be filed with the plan administrator, (2) neither Boeing nor Aetna is the ERISA plan administrator, and (3) Ms. Riggs was informed of the ERISA plan administrator's identity in the summary plan description.  An ERISA plan must provide a reasonable procedure for a claimant to file a benefit claim.  29 C.F.R. § 2560.503-1(b) & (e).  Ms. Riggs does not allege that the plan's requirement that claims be filed with the plan administrator

is unreasonable. Therefore, because neither of these defendants is the ERISA plan administrator, the district court properly dismissed Ms. Riggs' ERISA claims against them.

*Boeing Wichita Credit Union (BWCU)*

BWCU financed Ms. Riggs' purchase of two motor vehicles and sold her credit disability insurance as part of the transaction. When Ms. Riggs defaulted on the loans, BWCU repossessed the vehicles and sued in state court for the balance due. Ms. Riggs countersued BWCU in state court, and later filed for bankruptcy under Chapter 7. The bankruptcy trustee sold Ms. Riggs' claims against BWCU, which were characterized as any and all claims Ms. Riggs had against BWCU. BWCU purchased those claims from the bankruptcy trustee.

In this lawsuit, Ms. Riggs brought claims against BWCU based on the same circumstances as her state-court case, claiming violations of ERISA, breach of contract, and tortious interference with contract. The district court entered a judgment on the pleadings in favor of BWCU, pursuant to Fed. R. Civ. P. 12(c). We review de novo a defense motion for judgment on the pleadings. *Soc'y of Separationists v. Pleasant Grove City*, 416 F.3d 1239, 1240-41 (10th Cir. 2005). "As with a ruling under Fed. R. Civ. P. 12(b)(6), we uphold a dismissal only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief." *Id.* (quotation omitted).

The district court correctly determined that Ms. Riggs was not the real party in interest and therefore could not bring claims against BWCU. *See* Fed. R. Civ. P. 17(a) ("Every action shall be prosecuted in the name of the real party in interest."). Once she filed for bankruptcy, her claims against BWCU became the property of the bankruptcy estate. *See* 11 U.S.C. § 541(a). At that point, the bankruptcy trustee, not Ms. Riggs, was the real party in interest with authority to dispose of the claims against BWCU, which he did. *See* 11 U.S.C. § 323; *Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003); *Wieburg v. GTE Southwest Inc.*, 272 F.3d 302, 306 (5th Cir. 2001). Ms. Riggs' attempt to reassert her claims against BWCU in the underlying federal lawsuit was properly denied.

The judgment of the district court is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge