**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 28 2003**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

---

WINNEBAGO TRIBE OF
NEBRASKA; SAC AND FOX
NATION OF MISSOURI, in Kansas
and Nebraska; IOWA TRIBE OF
KANSAS AND NEBRASKA;
KICKAPOO TRIBE OF INDIANS OF
THE KICKAPOO RESERVATION IN
KANSAS; HCI DISTRIBUTION;
JOHN BLACKHAWK, Chairman of
the Winnebago Tribe of Nebraska;
LANCE MORGAN; ERIN MORGAN;
EARLENE HRADEC,

     Plaintiffs-Appellees,

v.

CARLA J. STOVALL, Attorney
General for the State of Kansas;
STEPHEN S. RICHARDS, Secretary
of the Kansas Department of Revenue;
STEVEN MAXWELL, Assistant
Attorney General for the State of
Kansas; JEFFREY LOCHOW,
Director of Tax Operations; JEFFREY
D. SCOTT, Designee of the Director
of Taxation, Kansas Department of
Revenue,

    Defendants-Appellants.

No. 02-3301

---

**Appeal from the United States District Court
for the District of Kansas
(D.C. No. 02-CV-4070-JTM)**

---

Brian R. Johnson, Assistant Attorney General (Carla J. Stovall, Attorney General, with him on the briefs), Topeka, Kansas, for Defendants/Appellants.

Vernle C. Durocher, Jr. (Michael J. Wahoske, Mary J. Streitz and Christopher R. Duggan, of Dorsey & Whitney LLP, Minneapolis, Minnesota; Thomas E. Wright, of Wright, Henson, Somers, Sebelius, Clark & Baker, LLP, Topeka, Kansas; and Mark Hubble, Tribal Attorney for the Winnebago Tribe of Nebraska, Winnebago, Nebraska, with him on the brief), of Dorsey & Whitney LLP, Minneapolis, Minnesota, for Winnebago Tribe of Nebraska, HCI Distribution, Chairman John Blackhawk, Lance Morgan, Erin Morgan and Earlene Hradec, Plaintiffs/Appellees.

Charley Laman, Tribal Attorney, Topeka, Kansas, for Plaintiff/Appellee Kickapoo Tribe of Indians of the Kickapoo Reservation in Kansas (Mark S. Gunnison, of Payne & Jones, Chartered, Overland Park, Kansas, for Plaintiff-Appellee Iowa Tribe of Kansas and Nebraska; and Thomas Weathers, of Alexander & Karshmer, Berkeley, California, for Plaintiff-Appellee Sac and Fox Nation of Missouri, with him on the brief).

---

Before **SEYMOUR, McKAY** and **LUCERO**, Circuit Judges.

---

**SEYMOUR**, Circuit Judge. Judge.

---

The State of Kansas attempted to assess fuel taxes on a corporation wholly owned by an Indian tribe. The district court in two published orders granted plaintiffs' motions for a temporary restraining order, *Winnebago Tribe of Neb. v. Stovall*, 205 F. Supp. 2d 1217 (D. Kan. 2002), and then for a preliminary

-2-

injunction, *Winnebago Tribe of Neb. v. Stovall*, 216 F. Supp. 2d 1226 (D. Kan. 2002). The district court denied the defendants' application for a stay pending appeal of the preliminary injunction. Defendants appeal on three grounds: alleged error in the disrict court's failure to abstain from hearing the case under the *Younger* doctrine; abuse of discretion in granting injunctive relief; and error in granting the preliminary injunction over defendants' claims of Eleventh Amendment immunity. We affirm.

# I

Plaintiff HCI Distribution is a corporation organized under the laws of the Winnebago Tribe and wholly owned by another corporation that is wholly owned by the Tribe. HCI manufactures motor fuel on its reservation in Nebraska and then sells the fuel to other tribes for retail sales. HCI purchases fuel from non-reservation pipeline stations in Nebraska and Iowa and then transports the fuel to HCI facilities on the Nebraska reservation, where it blends in an alcohol additive. HCI applied for a Kansas fuel importer/exporter license and a Kansas fuel distributor license, but was informed it only needed the importer/exporter license, which was duly issued.

The Sac & Fox, Iowa, and Kickapoo tribes (collectively "Kansas tribes") entered into contracts with the Winnebago tribe, through HCI, to purchase fuel.

According to the Winnebago tribe, the fuel was sold to the Kansas tribes on the reservation in Nebraska, and was then transported to the fuel depots on the Kansas tribes' reservations.

The State of Kansas imposes a fuel tax on the sale and delivery of motor vehicle fuel within the State. The tax falls on the "distributor of first receipt." When Kansas attempted to impose its tax on HCI, HCI refused to remit the tax. It claimed that as a tribal entity it enjoyed the tribe's privileges and immunities and that the state therefore had no power to impose the tax. After a second unsuccessful attempt to collect the tax, the state began seizing tribal property without notice and initiated criminal proceedings against some of the plaintiffs. The tribes and various tribal officials then filed this suit in federal court for injunctive and declaratory relief against various state officials (hereinafter referred to collectively as "the state"), which the district court granted. We address in turn the state's arguments on appeal.

## II

The state's first argument on appeal concerns the district court's refusal to abstain from hearing the case in light of the pending state criminal proceedings. When it granted the temporary restraining order, the district court ordered the parties to address in their briefs at the preliminary injunction stage the

applicability of the abstention doctrine from *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine requires a federal court to abstain from hearing a case where three criteria are met. These criteria are: (1) state judicial proceedings are ongoing; (2) state proceedings implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues. *Seneca-Cayuga Tribe of Okla. v. Okla. ex rel. Thompson*, 874 F.2d 709, 711 (10th Cir. 1989).

In its order granting the preliminary injunction, the district court found that the first of these requirements – existence of pending state proceedings – was met. It concluded the second requirement – implication of an important state interest – had not been met. Characterizing the central question in the case as whether the state can tax the sale of fuel between the Winnebago Tribe and the Kansas tribes, the court determined that this issue was a matter of federal, not state, law. The district court listed the following authority for this characterization: *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 756 (1998) (finding that tribal immunity is matter of federal law); *Sycuan Band of Mission Indians v. Roache*, 54 F.3d 535 (9th Cir. 1995) (finding *Younger* abstention inappropriate where threshold issue was whether state had jurisdiction to prosecute Indians pursuant to state gaming laws); *Fort Belknap Indian Cmty. v. Mazurek*, 43 F.3d 428, 432 (9th Cir. 1994) (refraining from abstention and

holding that whether Montana has jurisdiction to prosecute Indians in state court for violations of state liquor laws is issue of federal law); *Seneca-Cayuga*, 874 F.2d at 714 (finding that when state court is asked to decide issues of federal law in area in which federal interests predominate, state's interest in litigation is not sufficiently important to warrant *Younger* abstention.) *See Winnebago Tribe*, 216 F. Supp. 2d at 1238.

The district court made clear that it was staying rather than terminating the state criminal proceedings. Its rationale for doing so was that the federal issues were antecedent to the state prosecutions. Federal law determines whether there is in fact any violation to prosecute, or any tax to collect. The district court noted the need to raise these issues in federal court, rather than as defenses in state court where not all aspects of the issues could be properly heard. The court also rejected the state's argument that the seized property must be retained as evidence in the state criminal proceedings, pointing out that the property served no purpose as evidence.

In this appeal, the state argues that the district court's analysis too drastically narrowed the issue in determining whether the second *Younger* requirement was met. The state maintains the question is not whether the state can tax the sale at issue in this case, but whether the state has an interest in enforcing its criminal laws. It is immediately apparent, however, that if the state

were to prevail in this argument it would swallow the entire analysis because any ongoing state criminal proceeding would no longer be just a factor in the analysis, it would end the analysis. The district court therefore did not err in considering the issue more narrowly than the state advocates. The central and threshold issues in the case are federal Indian law issues, *i.e.* whether federal law bars the state from imposing the tax, whether federal law preempts the state tax scheme as applied to plaintiff Indian tribes, and whether the state's enforcement violates tribal sovereign immunity, issues which must be resolved before the state criminal proceedings can go forward. The state prosecutions are based on allegations that assume the state can apply its law to these parties.

Abstention is meant to be a rare exception to the court's "virtually unflagging obligation" to exercise jurisdiction. *See Seneca-Cayuga*, 874 F.2d at 711. Because at least one of the three *Younger* requirements was not met in this case, the district court was correct in refusing to abstain.[1]

## III

---

[1] The tribes maintain that even if this case satisfied the *Younger* requirements, it would fall within two exceptions. The first exception is for those situations in which the state proceedings are motivated by a desire to harass and are conducted in bad faith. The second exception is for situations in which plaintiffs will suffer irreparable harm in the absence of federal intervention. Because we have found the *Younger* requirements are not satisfied, however, we do not reach the applicability of these exceptions.

The state's second argument on appeal is that the district court abused its discretion in granting both the temporary restraining order and the preliminary injunction. The standard for abuse of discretion is high. The state must show that the district court committed an error of law (for example, by applying the wrong legal standard) or committed clear error in its factual findings. *See Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1165 (10th Cir. 1998). We have previously described abuse of discretion as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir. 1999) (quotation omitted).

Both district court orders at issue here are clearly written and painstakingly explain the court's reasoning on each point. The district court applied the proper legal standards. While the state raises numerous arguments on various points in support of its assertion that the district court abused its discretion, none of its arguments rises to the standard for an abuse of discretion. For example, the contention that the district court "failed to particularize in any meaningful way" the significant interference with tribal self-government simply ignores the district court's consideration of evidence of loss of business, reputation, future viability, and access to credit, all of which interfered with the tribes' self-sufficiency and economic development. *See Seneca-Cayuga*, 874 F.2d at 713. The state further ignores the district court's explicit recognition that more than economic damages

were at stake.  *See Winnebago Tribe*, 216 F. Supp. 2d at 1233.  Hence, the state has failed to persuade us the district court abused its discretion in granting the injunctive orders in favor of the tribe.

The state's argument concerning the balance of harms likewise lacks merit, effectively raising only a difference of opinion as to outcome.  The district court made specific findings to support its conclusion on this point, none of which rises to the level of clear error.  *See id.*  The court was therefore well within the bounds of its discretion.  Similarly, as to the arguments concerning public interest, the district court made specific findings to support its determination that this factor weighed in favor of plaintiffs.  *Id.* at 1233-34.  We find neither legal error nor clearly erroneous factual findings in the court's well-reasoned discussion.

Arguing that the district court abused its discretion in analyzing the factor of likelihood of success on the merits, the state discusses only a single count of plaintiffs' complaint, which the state alleges does not present a fair ground for litigation.  The district court, on the other hand, discussed in detail six separate counts that present fair grounds for litigation.  *Id.* at 1234-38.  Furthermore, as plaintiffs point out, they did not rely in the district court on the single count defendants attack on appeal.  It is thus clear the district court did not abuse its discretion in assessing the likelihood of success on the merits.

The state also contends the district court erred as a matter of law by failing

to require plaintiffs to post a bond. However, we have previously held that a trial court has "wide discretion" under Rule 65(c) in determining whether to require security. *See Continental Oil Co. v. Frontier Refining Co.*, 338 F.2d 780, 782 (10th Cir. 1964) (per curiam). The district court here considered the possibility of a bond, made specific findings of fact, and concluded there was "an absence of proof showing a likelihood of harm." *Winnebago Tribe*, 216 F. Supp. 2d at 1239-40 (quoting *Coquina Oil Corp. v. Transwestern Pipeline Co.*, 825 F.2d 1461, 1462 (10th Cir. 1987) (quoting *Continental Oil*, 338 F.2d at 782)). We find no abuse of discretion in the district court's treatment of this issue.

## IV

The state's third and final argument on appeal is that the district court erred in granting the preliminary injunction over the state's Eleventh Amendment immunity claims. This issue is easily disposed of. First, the state did not raise an Eleventh Amendment immunity claim in the district court until well after the issuance of the orders at issue in this case, so to say the court granted the injunctive relief "over" the state's Eleventh Amendment claims is wholly incorrect. Even had these claims been properly raised, Eleventh Amendment immunity would not be available to the state in this case.

In *Sac & Fox Nation of Missouri v. Pierce*, 213 F.3d 566 (10th Cir. 2000),

-10-

we addressed whether the Eleventh Amendment barred a suit in federal court brought by Indian tribes to enjoin the State of Kansas from collecting taxes on motor fuel distributed to the tribes' retail stations. Looking closely at the legislative history of 28 U.S.C. § 1362[2] and the Supreme Court's opinions in *Moe v. Confederated Salish & Kootenai Tribes*, 425 U.S. 463 (1976) and *Blatchford v. Native Village of Noatak*, 501 U.S. 775 (1991), we held that the Eleventh Amendment did not bar the suit. *See Sac & Fox*, 213 F.3d at 572-73.

We determined that our decision regarding § 1362 obviated the need to discuss the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908). *Sac & Fox*, 213 F.3d at 573 n.3. However, to the extent it is relevant here, we note the Supreme Court has held that in making the determination whether *Ex Parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective. *Verizon Md., Inc. v. Publ. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002). The district court properly determined in the course of its several orders that this case presents those two characteristics – the plaintiffs seek injunctive and declaratory relief that is prospective in nature and the complaint alleges an ongoing violation of federal

---

[2] 28 U.S.C. § 1362 states that district courts have original jurisdiction of all civil actions brought by an Indian tribe where the matter arises under the Constitution, laws, or treaties of the United States.

law.  Accordingly the Eleventh Amendment does not bar the claims in the

plaintiffs' complaint.

We **AFFIRM**.