**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 4, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARK JOEL HUNT,

Plaintiff - Appellant,

v.

JOHN LAMB, in his individual and official capacity as Regional Director of the Department of Corrections for the State of Kansas, Northern and Eastern Divisions; FRANCHESKA LAMB, in her individual and official capacity as a Juvenile Division Detective for the Topeka Police Department; LINDA R. MITCHELL, in her individual and official capacity as a practicing lawyer in the State of Kansas and an officer of the court; JEAN SCHMIDT, in her individual and official capacity as a Shawnee County District Court Judge, Division 3; LORI L. YOCKERS, in her individual and official capacity as an Administrative Hearing Officer for the Shawnee County District Court; PAUL M. GONZALES, in his individual and official capacity as a Major Guard Kansas Army National Guard 169th Combat Support Battalion,

Defendants - Appellees.

No. 06-3344

D. Kansas

(D.C. No. 06-CV-4083-JAR)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Mark Hunt filed a claim pursuant to 42 U.S.C. § 1983 against five defendants: John Lamb, Regional Director of the Department of Corrections for the State of Kansas; Francheska Lamb, Juvenile Division Detective for the Topeka Police Department; Linda R. Mitchell, a practicing Kansas attorney; Jean Schmidt, Shawnee County District Court Judge; Lori Yockers, Administrative Hearing Officer for Shawnee County District Court; and Major Paul M. Gonzales of the Kansas Army National Guard. His complaint alleged the defendants, in their official and individual capacities, violated Hunt's civil rights through "gross, malicious abuse of power" during his Shawnee County divorce proceeding from

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Francheska Lamb, formerly Francheska Hunt. He alleged Francheska Lamb and her current husband, John Lamb, made false accusations and retaliated against him, abused their official positions to interfere with his employment, his enlistment in the Kansas National Guard and the custody of his minor children. Hunt requested and was permitted by the district court to proceed *in forma pauperis*.

The district court dismissed the complaint. It recognized a *pro se* litigant's pleadings are to be construed liberally and held to a lesser standard than pleadings drafted by a lawyer. *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). If a complaint can reasonably be read to state a valid claim on which the *pro se* plaintiff could prevail, the court will do so despite the plaintiff's lack of proper presentation. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). On the other hand, it refused to assume the role of advocate for the *pro se* plaintiff by constructing absent facts, argument or theories on his behalf. *Id*. Addressing Hunt's complaint under these standards, the district court, in a thorough memorandum order, dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B) which provides for dismissal if "the action or appeal . . . fails to state a claim on which relief may be granted."

The district court concluded Hunt's various claims failed as to each defendant. First, the claims against the Lambs arising from the state divorce and

custody proceedings were barred by the *Younger*[1] abstention doctrine because there are pending matters relating to child custody and support. *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) ("It is well-established that federal courts lack jurisdiction over the whole subject of the domestic relations of husband and wife, and parent and child.") (internal quotations omitted). The claims against the judicial defendants describe only official acts, and therefore these defendants are entitled to immunity from suit. *Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986) (dismissing *pro se* action against state judges based upon judicial immunity).

Hunt's bare allegations of bad faith or harassment are insufficient to overcome immunity or abstention. *Guttman v. Khalsa,* 446 F.3d 1027, 1033-34 (10th Cir. 2006) ("'[J]udicial immunity is not overcome by allegations of bad faith or malice. . . .' "); *Phelps v. Hamilton*, 122 F.3d 885, 890 (10th Cir. 1997) (Plaintiffs carry the burden "to come forth with additional, supplemental evidence regarding defendant's alleged bad faith to withstand *Younger* abstention.").

To the extent Hunt's claims allege Major Gonzalez wrongfully caused his discharge from the Army National Guard it fails; such a claim cannot be brought

---

1 *Younger v. Harris*, 401 U.S. 37 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) state proceedings implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003).

under § 1983. *Feres v. United States*, 340 U.S. 135 (1950). *Martelon v. Temple*, 747 F.2d 1348, 1350-51 (10th Cir. 1984) ("Before the passage of § 1983, there was no liability on the part of military superiors for transgressions against the rights of other military personnel. By the passage of § 1983, Congress never intended to create such rights.").

Finally, defendant Mitchell, the lawyer who represented Francheska Lamb in the divorce and child custody proceedings, was not acting as a representative of the state or under color of state law. Consequently, she is not subject to suit under § 1983. *Garcia v. LeMaster*, 439 F.3d 1215, 1217 (10th Cir. 2006) ("To state a valid cause of action under § 1983, a plaintiff must allege the deprivation by defendant of a right, privilege, or immunity secured by the Constitution and laws of the United States while the defendant was acting under color of state law.") (quoting *Doe v. Bagan,* 41 F.3d 571, 573-74 (10th Cir. 1994)).

A dismissal under 28 U.S.C. § 1915 for failure to state a claim is reviewed *de novo*. *Trujillo v. Williams*, 465 F.3d 1210, 1215 (10th Cir. 2006). We agree Hunt failed to state a claim against any defendant. On appeal, Hunt does not address the district court's findings. Rather, he describes the nature of his appeal as arising from "the appearance of assistance provided to the named defendants by the US District Court for the District of Kansas." (Appellant's Br. at 1.) He relies on the docket sheet to support his allegation that someone in the district court must have "a). released the information of the filing [of the federal lawsuit]

to Defendant Francheska Lamb; 2). back-dated Defendant Francheska Lamb's Motion for Extension of Time; or c). both." (*Id*. at 3.) These arguments are unrelated to the district court's order of dismissal.

In general, his brief cites to no legal authority supporting his appeal nor do his ramblings provide cogent argument addressing the dismissal of his complaint. "Although this court may require a higher level of responsibility from members of the bar, pro se litigants are subject to the same minimum litigation requirements that bind all litigants and counsel before all federal courts. *Kyler v. Everson*, 442 F.3d 1251, 1253 (10th Cir. 2006).

Some of the appellees request the payment of attorney fees and costs pursuant to Rule 38 of the Federal Rules of Appellate Procedure. "[T]he issue of sanctions under Fed.R.App.P. 38 is a matter of discretion." *Roth v. Green*, 466 F.3d 1179, 1188 (10th Cir. 2006). While we agree this appeal is frivolous, the Rule 38 request was not filed in a separate motion and we decline to exercise our discretion to impose the fees. Nonetheless, Hunt is warned the continued pursuit of frivolous claims against the appellees may result in monetary sanctions. The appeal is DISMISSED. *See* 28 U.S.C. § 1915(e)(2)(B)(I).[2]

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge

---

[2] In light of the dismissal of this appeal, all pending motions are denied as moot.