**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 10, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

REV. EDWARD ALLAN BUCK,

Plaintiff-Appellant,

v.

ALLEN RAND MYERS; WILLIAM
H. BARRETT, Utah 3rd District Court
Judge; TRACY BOUGHN, Salt Lake
County Sheriff Deputy; SCOTT
BANNON, Sergeant, Salt Lake County
Sheriff Deputy; PAUL BRENNEMAN,
Sergeant, Salt Lake County Sheriff
Deputy; JOHN THORNTON,
Detective, Salt Lake County Sheriff
Deputy; DAVID E. YOCOM,
Salt Lake County District Attorney;
N. M. D'ALESANDRO, Salt Lake
County Deputy District Attorney;
KIM COWLEY, Salt Lake County
Sheriff Deputy Detective; LORIN K.
PUGH, Church of Jesus Christ of
Latter-Day Saints, Sandy Crescent
Stake President; BRENT W. RICH,
Church of Jesus Christ of Latter-Day
Saints Bishop,

Defendants-Appellees.

No. 06-4236
(D.C. No. 2:05-CV-876-TC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is

(continued...)

Before **McCONNELL**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

Plaintiff-Appellant Edward Allan Buck appeals from the district court's order dismissing his civil rights complaint. The district court dismissed the complaint on multiple alternate grounds, including *Younger* abstention, the *Rooker-Feldman* doctrine, judicial immunity, and failure to state a claim. We affirm the order of dismissal in part, vacate in part, and remand for further proceedings.

## FACTS

Buck brought his complaint pro se and in forma pauperis pursuant to 42 U.S.C. §§ 1983, 1985(2), 1985(3), and 1986. In the complaint, he alleged that until August 23, 2005, he resided at the home of defendant Allen Rand Myers. When he left Myers' home, Buck took with him a computer he used for business matters. Myers filed a complaint against Buck with the Salt Lake County Sheriff's Department, accusing Buck of stealing the computer and other items from Myers' home. As a result of this complaint, the Salt Lake County District

---

[*](...continued)
not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Attorney filed felony charges against Buck in state court. Buck contended that Myers' allegations of theft were false.

Buck alleged that after the charges were filed, Defendant Tracy Boughn, a Salt Lake County Sheriff's Deputy, came to Buck's house and seized the computer at issue, without a warrant. At the time of the seizure, Boughn allegedly failed to disclose to Buck that criminal charges were pending against him for the theft of the computer. He allegedly gained entrance to Buck's house and access to the computer by telling Buck that it was a civil matter and "he just wanted to see the computer for himself." R., Vol. I, doc. 3-1, at 10.

Buck sued Boughn and other deputy sheriffs, along with two Salt Lake County district attorneys, charging that they failed "to thoroughly investigate claims made by . . . Myers prior to taking any of the illegal actions against [Buck] which include illegal search and seizure." *Id.* at 12. He accused the defendants of conspiring together to deprive him of his civil rights. Finally, he sued state court judge William H. Barrett, alleging that Judge Barrett "willfully, intentionally, and maliciously" interfered with Buck's attempts to pursue a concurrent civil rights action in state court by denying his motions for a fee waiver. *Id.* at 14. Buck's complaint sought millions of dollars in damages against the various defendants.

The defendants filed motions to dismiss the complaint. Buck was permitted to add additional defendants to the suit. These included officials of the Church of

Jesus Christ of Latter-Day Saints (Church) Lorin K. Pugh and Brent W. Rich, who allegedly violated Buck's civil rights by failing to convene a church tribunal or take other measures to discourage Myers (a member of the Church) from continuing to falsely accuse Buck of theft. Buck also added Salt Lake County Sheriff's Department Detective Kim Cowley, who he accused of falsely presenting felony charges against Buck, and of joining in the conspiracy to deprive Buck of his civil rights. Finally, Buck moved to add the Church and a deputy district attorney who represented some of the defendants; however, his motions to add these defendants were denied.

Approximately one month prior to his filing of this complaint in federal court, Buck filed a similar complaint in Utah state court. In his state court complaint, he named Myers, Boughn and two "John Doe Salt Lake County Sheriff's Department Officers" as defendants. R., Vol. II, doc. 80-5. He charged that Myers lied to the officers, stole Buck's property, and "obstruct[ed] the administration of justice" by obtaining the seizure of his computer, which prevented Buck from proceeding pro se in other federal court matters. *Id.* at 2. He made similar allegations against Boughn and the other officers, contending also that they were guilty of official misconduct and illegal seizure of his property.

The magistrate judge assigned to this case concluded that since state proceedings were ongoing, including a parallel civil rights action that Buck

-4-

brought against some of the defendants in state court, and also the Utah criminal prosecution of Buck for theft, the court should abstain from exercising jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Alternatively, even if Buck's parallel action had ended, the district court would lack jurisdiction under the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Finally, even if Buck could surmount the obstacles posed by *Younger* abstention and the *Rooker-Feldman* doctrine, the case should be dismissed based on the defenses defendants had raised, including judicial immunity and failure to state a claim. After considering Buck's objections, the district court adopted the magistrate judge's recommendation, and dismissed the complaint.

## ANALYSIS

We review the dismissal of a complaint for lack of subject matter jurisdiction de novo. *Guttman v. Khalsa*, 446 F.3d 1027, 1031 (10th Cir. 2006). "We may affirm the district court's dismissal on any basis supported by the record and the law." *Weaver v. United States*, 98 F.3d 518, 519 (10th Cir. 1996).

### 1. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine is a narrow one, which "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 126 S.Ct. 1198, 1199, 1201 (2006)

(per curiam; quotation omitted). As the Supreme Court has recently explained, the doctrine does not apply to parallel state and federal litigation. *See id.* at 1201. More specifically, it does not deprive lower federal courts of jurisdiction if the federal court suit was filed before the end of the state court's appeal process. *Guttman*, 446 F.3d at 1031-32 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 290-91 (2005)). At the time Buck filed this case, there is no indication that the Utah courts had yet reached a final judgment in either his criminal case or his parallel civil litigation. Therefore, a dismissal under *Rooker-Feldman* would be inappropriate. *See Guttman*, 446 F.3d at 1032 (holding that federal district court had subject matter jurisdiction to hear case, notwithstanding *Rooker-Feldman* doctrine, where plaintiff filed federal suit while certiorari petition to New Mexico Supreme Court was pending in similar state court action).

## 2. *Younger* **Abstention**

Alternatively, the district court dismissed based on *Younger* abstention. "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary

circumstances, a district court is required to abstain." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003).

There can be no serious question that each of the *Younger* factors is met in this case. At the time of dismissal, both the criminal case against Buck and his state civil case were ongoing. Where the *Younger* factors are met, abstention protects the pendency of both state-court criminal and civil proceedings. *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004). The state of Utah has an important interest in its criminal proceedings. Buck fails to show that he does not have an adequate opportunity in state court to litigate federal constitutional issues; indeed, he has raised such issues in his parallel civil complaint.

Buck argues, however, that *Younger* should not apply here, because he does not seek to enjoin the prosecution from proceeding in state court. Instead, he only seeks damages for illegal search and seizure and for the improper filing of criminal charges against him.[1] This argument is unavailing. "[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding."

---

[1]    In his request for relief, Buck also asked the district court to order the United States Department of Justice to prosecute the defendants. The Department of Justice is not a party to this action. Buck's frivolous and non-colorable request for an order instructing the Department of Justice to prosecute the defendants may safely be ignored for purposes of our analysis.

*D.L.*, 392 F.3d at 1228. A finding in this case that the defendants violated Buck's constitutional rights would have a preclusive effect in the state-court proceedings. Therefore *Younger* abstention is appropriate.

The district court erred by *dismissing* Buck's damage claims, however. Where the plaintiff in the federal suit seeks damage relief and the *Younger* factors are met, the district court should *stay* federal proceedings on the damage claims, not dismiss the action altogether. *Id.*; *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996). We must therefore vacate the order of dismissal, and remand. If, on remand, the state proceedings are ongoing, the district court should stay this action until they are complete. Once the state proceedings are complete, the district court may proceed to further adjudication of Buck's claims in this action.

**3. Other Bases for Dismissal**

As noted, the district court dismissed Buck's claims in the alternative on various other theories, including immunity and failure to state a claim. Can dismissal be upheld on these bases, notwithstanding abstention? As a general matter, it cannot. "*Younger* abstention is jurisdictional." *D.L.*, 392 F.3d at 1228. Having determined that abstention was necessary, the district court therefore lacked jurisdiction to reach *the merits* of Buck's damage claims. *See id.* at 1232 (vacating summary judgment order in favor of defendants, where *Younger* abstention required instead that claims be stayed).

This general rule, however, admits of a significant exception. "We may address *jurisdictional* issues in any order we find convenient." *Id.* at 1229. To the extent that dismissal of a particular defendant or claim was appropriate on an alternate *jurisdictional* ground, we may uphold the dismissal on that ground. In other words, the district court did not need to "abstain" from dismissing a particular claim or defendant where it could do so without reaching the merits. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 127 S. Ct. 1184, 1191-92 (2007) (stating federal courts may choose among threshold grounds for refusing to reach merits of a controversy, including abstention, because jurisdiction is only vital where court seeks to enter judgment on the merits).

Some of Buck's claims were properly dismissed on jurisdictional grounds, separate and apart from any question of *Younger* abstention. Buck's claims against Church officials Pugh and Reich, based on their alleged failure to convoke an ecclesiastical tribunal against Myers or otherwise to use their spiritual authority to pressure Myers into dropping his criminal complaint against Buck, are wholly insubstantial and frivolous. These claims therefore failed to invoke the jurisdiction of the district court, and were properly dismissed. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 126 S. Ct. 1235, 1244 n.10 (2006) ("A claim invoking federal-question jurisdiction . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.,* if it is . . . 'wholly insubstantial and frivolous.'").

A similar analysis applies to Buck's claim against Judge Barrett. The only specific deprivation of civil rights asserted in Buck's complaint lay in Judge Barrett's denial of Buck's requests for a fee waiver to proceed in state court "because [Barrett] did not like the fact that the Plaintiff has only $250 actual monthly income received from the person to whom Plaintiff is the care giver." R., Vol. I, doc. 3-1, at 14. This assertion, taken as an alleged violation of Buck's constitutional rights, is also wholly insubstantial and frivolous, and was properly dismissed.[2]

The damage claims against the remaining defendants, whatever their merit, do not appear to suffer from jurisdictional defects. They should therefore be stayed under *Younger* pending completion of the state court litigation.

## CONCLUSION

For the reasons stated above, we AFFIRM the district court's dismissal of Buck's claims against defendants Lorin K. Pugh, Brent W. Rich, and Judge William H. Barrett. We VACATE the dismissal as to the remaining defendants,

---

[2] Judge Barrett may also be entitled to dismissal on another, non-merits ground: judicial immunity. In light of our disposition, we need not reach the issue of judicial immunity.

-10-

and REMAND for further proceedings in accordance with this order and judgment.

Entered for the Court


Bobby R. Baldock
Circuit Judge