FILED
United States Court of Appeals
Tenth Circuit

June 7, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CARLOS E. MORAL,

　　　　Plaintiff-Appellant,

v.

GRANT COUNTY SHERIFF; LANCE
BABCOCK, Individually; RICHARD
DUDLEY, Individually; NORMA
DUDLEY, Individually,

　　　　Defendants-Appellees,

and

THOMAS PINNICK, individually;
GRANT COUNTY BANK;
RESOURCE ONE, INC.,

　　　　Defendants.

No. 10-3295
(D.C. No. 6:09-CV-01230-EFM-GLR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, **McKAY** and **EBEL**, Circuit Judges.

---

[*]　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Carlos Moral appeals pro se from district court orders that (1) dismissed his 42 U.S.C. § 1983 lawsuit against the Grant County Sheriff, Lance Babcock, and his commercial landlords, Richard and Norma Dudley; (2) denied his motion to amend; and (3) denied his motion for reconsideration. We AFFIRM.

## BACKGROUND

Moral operated one or more businesses in a commercial building he leased from the Dudleys in Grant County, Kansas. On July 15, 2009, the State of Kansas filed a twenty-nine count criminal complaint against Moral, alleging that between 2006 and 2008, he passed over $230,000 in worthless checks to Richard Dudley, provided false information with the intent to defraud him, and engaged in theft by deception.

Twelve days later, Moral sued the Dudleys and Sheriff Babcock in federal district court, asserting the violation of his due-process rights.[1] He alleged that the Dudleys locked him out of the building in July 2008, and that Sheriff Babcock told the Dudleys they could do so without providing any notice and without returning his equipment.

When the Dudleys moved to dismiss the complaint, and Sheriff Babcock sought a judgment on the pleadings after answering, Moral sought to file an

---

[1]    Moral also sued the Grant County Bank; the bank's parent company, Resource One, Inc.; and the bank's president, Thomas Pinnick. The district court granted these defendants' motion to dismiss. Although Moral initially appealed from that dismissal, he has since dismissed the bank defendants from this case.

amended complaint. Therein, he claimed that on May 14, 2009, the Dudleys were removing items from the building and that Sheriff Babcock was present inside when the Dudleys were destroying his documents, but he declined to intervene. Specifically, Moral alleged:

> On May 14, 2009 defendants Dudley, Grant County Sheriff [Babcock] and other persons unknown at this time entered into the building located at 105 N Main, Ulysses. Upon entering [the] building defendants Dudley began to remove items from the office and destroy documents that were located within the office. The destruction of the documents was being performed while Sheriff Babcock, in his official capacity, was physically in the building. . . .
>
> . . . [T]he Plaintiff requested that the Sheriff intervene and stop the potential destruction of evidence . . . . [T]he Sheriff declined to intervene and told the plaintiff that Defendants[ ] Dudley could go ahead and 'do what they wanted with the building.'"

Aplee. Addendum at 185. Moral renewed his procedural due-process claim, and added that the destruction of documents violated his search-and-seizure rights.

The district court granted the Dudleys' motion to dismiss because they were not state actors necessary to sustain a § 1983 action. In doing so, it concluded that state action could not be imputed to them based on any connection with Sheriff Babcock.

As for Sheriff Babcock, the district court granted his motion for judgment on the pleadings, stating that the allegations against him were only that he failed to intervene to stop the Dudleys, not that he personally participated in or facilitated their actions. Finally, the district court denied Moral's motion to

amend, stating that it had considered the added allegations when ruling on the defendants' dispositive motions, and thus amendment would be futile.

In response, Moral moved for reconsideration, stating that he had recovered evidence showing that Sheriff Babcock directed Norma Dudley as she scoured Moral's documents. Specifically, Moral recovered a computer whose surveillance audio system purportedly recorded a conversation between Norma Dudley and Sheriff Babcock on May 14, 2009. The recording first reveals Norma Dudley's telephone call to Sheriff Babcock, asking that he and an agent of the Kansas Bureau of Investigation come over because she had "begun to look through all [of Moral's] files and found some stuff." R. at 142. After Sheriff Babcock arrived at the building, he purportedly asked Norma Dudley to call him later so he could tell her "what else we may want you to get out before you throw out more stuff." *Id.* at 143. Moral cited the conversation as proof of joint action to violate his search-and-seizure rights. Additionally, Moral supplemented his motion, providing evidence that Sheriff Babcock may have removed a box of Moral's documents.

The district court construed Moral's request for reconsideration as a Fed. R. Civ. P. 59(e) motion to amend, and denied relief. In doing so, it stated that the recording provided nothing new, as "the Court previously recognized that the Dudleys locked [Moral] out of the premises [in July 2008,] and that Sheriff

-4-

Babcock was present at the building on May 14, 2009 when the Dudleys removed some property."  R. at 242.

**DISCUSSION**

## I.  Motions to Dismiss and for Judgment on the Pleadings

### A.  Standards of Review

We review de novo district court orders granting a Fed. R. Civ. P. 12(c) judgment on the pleadings and a Fed. R. Civ. P. 12(b)(6) dismissal for failure to state a claim.  *See Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223 (10th Cir.), *cert. denied*, 130 S. Ct. 742 (2009).  We affirm these rulings "when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief."  *Soc'y of Separationists v. Pleasant Grove City*, 416 F.3d 1239, 1241 (10th Cir. 2005) (quotation omitted).  In conducting our review, we accept allegations of fact as true and draw reasonable inferences in favor of the plaintiff.  *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008).  The complaint must "state a claim to relief that is plausible on its face"; in other words, there must be "more than a sheer possibility that the defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted).  Because Moral is proceeding pro se, we liberally construe his filings.  *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

-5-

**B. 42 U.S.C. § 1983**

"Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Howards v. McLaughlin*, 634 F.3d 1131, 1139 (10th Cir. 2011). A sheriff acts under color of state law when exercising the power conferred by the state in the course of his official duties. *See Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 817 (10th Cir. 1981). But the state law requirement of § 1983 necessarily "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation omitted). In his initial complaint, Moral did not allege, nor could he, that the Dudleys—his commercial landlords—are state actors.

Nevertheless, the "color of state law" language does not necessarily "require that the accused be an officer of the State." *Howards*, 634 F.3d at 1140. There are "four tests to determine whether private actors, such as the [Dudleys] should be considered state actors: (1) the public function test, (2) the nexus test, (3) the symbiotic relationship test and (4) the joint action test." *Anderson v. Suiters*, 499 F.3d 1228, 1233 (10th Cir. 2007) (quotation omitted). Moral relies on the joint action test. Under that test, "[p]rivate participants acting jointly with state actors can satisfy the state action requirement if the private party is a willful participant in joint action with the State or its agents." *Id.* (quotation omitted). Moral's complaint does not allege, however, that the Dudleys jointly participated

-6-

with Sheriff Babcock or any other state actor in locking him out of the building and retaining his equipment. Rather, the only allegation concerning state action is that Sheriff Babcock acquiesced in their actions. But "mere acquiescence of a state official in the actions of a private party is not sufficient." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir. 1995).

Thus, the complaint's allegations against both the Dudleys and Sheriff Babcock failed to state a viable § 1983 claim: The Dudleys cannot be considered state actors; and Sheriff Babcock merely acquiesced in their conduct. To the extent Moral asserted a claim against Grant County, "[a] municipality may not be held liable where there was no underlying constitutional violation by any of its officers." *Wilson v. Meeks*, 98 F.3d 1247, 1255 (10th Cir. 1996) (quotation omitted). Accordingly, the district court correctly determined that Moral's initial complaint was infirm.

## II. Motion to Amend

We review the denial of a motion to amend a pleading for an abuse of discretion. *Anderson*, 499 F.3d at 1238. But where, as here, the "denial is based on a determination that amendment would be futile, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Miller ex rel. S.M. v. Bd. of Educ.*, 565 F.3d 1232, 1249 (10th Cir. 2009).

Moral's proposed amended complaint added a search-and-seizure claim based on Sheriff Babcock's presence in the building while the Dudleys were

-7-

destroying documents. The district court acknowledged the proposed new claim, and apparently determined that amendment would be futile because, like the due-process claim, there were no allegations to satisfy the state-action requirement.

We conclude that the district court did not abuse its discretion in denying amendment. Like the initial complaint, Moral's proposed amended complaint failed to allege that the Dudleys and Sheriff Babcock jointly participated in the search and destruction of Moral's documents. While the proposed amended complaint used the phrase "joint action" to describe Sheriff Babcock's refusal to intervene, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S. Ct. at 1949. Moreover, Moral's use of the joint-action language does not refer to joint action at all, but rather, it refers to Sheriff Babcock's acquiescence in the Dudleys' conduct. As we noted earlier, a state actor's acquiescence in private conduct does not constitute joint action. *Gallagher*, 49 F.3d at 1453.

Consequently, without allegations indicating that a state actor was "*responsible* for the specific conduct" challenged in the proposed amended complaint," *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982), Moral lacked a cognizable civil-rights claim. Thus, permitting amendment would have been a

futile gesture.[2]

### III. Motion for Reconsideration

We review the district court's denial of a motion for reconsideration for an abuse of discretion. *See Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir.), *cert. denied*, 131 S. Ct. 163 (2010). "We will not disturb such a decision unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* (quotation omitted).

The district court concluded that Moral's newly discovered computer-audio recording simply demonstrated Sheriff Babcock's presence in the building, and thus, added nothing new to the case. Although that conclusion disregards the

---

[2]    Sheriff Babcock and the Dudleys argue that we "cannot entertain Moral's Fourth Amendment claim" because of the ongoing state criminal proceedings against Moral. Aplee. Br. at 25. Under *Younger v. Harris*, 401 U.S. 37 (1971), "[a] federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quotation omitted). But *Younger* does not apply in the absence of a colorable constitutional claim. *See Equity Lifestyle Props., Inc. v. Cnty. of San Luis Obispo*, 548 F.3d 1184, 1196 n.23 (9th Cir. 2008); *Buck v. Myers*, 244 F. App'x 193, 198 (10th Cir. 2007).
      Sheriff Babcock and the Dudleys further argue that Moral's eviction from the building ten months before the search deprived him of standing to challenge the search. We need not reach this argument, however, given our conclusion that Moral failed to plead state action.

alleged content of the audio recording in regard to Moral's search-and-seizure claim, Moral lacked a pleading that could be assisted by this newly discovered information. Indeed, Moral's proposed amended complaint—the only pleading that raised a search-and-seizure claim—clearly limited Sheriff Babcock's involvement to refusing to stop the Dudleys when he was inside the building. Moral did not seek to amend his complaint further to address the newly discovered evidence showing Sheriff Babcock's involvement in the search. "A district court does not abuse its discretion in failing to invite an amended complaint when plaintiff has not moved to amend and submitted a proposed amended pleading." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 787 (8th Cir. 2009). Under these circumstances, we cannot say that the district court abused its discretion in denying Moral reconsideration of the order denying amendment.

To the extent that the motion for reconsideration targeted the dismissal of Moral's due-process claim, the audio recording provided nothing to indicate that his eviction from the building was the result of state action. Thus, the district court appropriately denied reconsideration of the dismissal.

## CONCLUSION

The judgment of the district court is AFFIRMED.[3]

Entered for the Court


David M. Ebel
Circuit Judge

---

[3] Insofar as Moral challenges the district court's orders denying his motion to preserve evidence and granting Sheriff Babcock's motion to stay discovery, the district court did not abuse its discretion given that Moral failed to plead state action, and thus, lacked a viable § 1983 claim. Finally, nothing in this order and judgment is intended to indicate whether Moral, if he had properly pleaded state action, possessed a valid constitutional claim for the destruction of evidence.