**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 13, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RAYMOND MAX SNYDER,

    Plaintiff - Appellant,

v.

JUDGE ALEX GOBLE, individually
and in his official capacity as a
Justice of the Sixth Judicial District
Court of Sevier County, Utah;
AMERICAN FAMILY INSURANCE;
STEWART HARMAN, American
Family Insurance's attorney;
LAUARA ANN LISK; SHAWN B.
MEADOR; WOODBURN & WEDGE;
BRANDT DEATON, Detective,
Sevier County Sheriff's Office;
CASEY JEWKES, Sevier County
attorney,

    Defendants - Appellees,

and

JOHN AND JANE DOES 1-10,

    Defendants.

———————————————————

RAYMOND MAX SNYDER,

    Plaintiff - Appellant,

v.

SIXTH JUDICIAL DISTRICT OF

No. 24-4009
(D.C. No. 4:23-CV-00056-DN)
(D. Utah)

No. 24-4010
(D.C. No. 4:23-CV-00008-DN)
(D. Utah)

UTAH; JUDGE ROBERT P. FAUST, individually and in his official capacity as Justice of the Sixth Judicial District Court of Sevier County; MATTHEW HOWELL,

    Defendants - Appellees.

———————————————————

RAYMOND MAX SNYDER,

    Plaintiff - Appellant,

v.

JUDGE MARVIN BAGLEY, individually and in his official capacity as Justice of the Sixth Judicial District Court of Sevier County; AMERICAN FAMILY INSURANCE; LAUARA ANN LISK; NATHAN CURTIS, Sevier County Sheriff; MARK CRANE, Sergeant; SEVIER COUNTY SHERIFF'S OFFICE,

    Defendants - Appellees.

———————————————————

RAYMOND MAX SNYDER,

    Plaintiff - Appellant,

v.

FOURTH JUDICIAL DISTRICT OF UTAH; STATE OF UTAH; JUSTIN D. HEIDEMAN; THOMAS R. McCOSH; GARY GUELKER; LAUARA ANN LISK; HEIDEMAN & ASSOCIATES; RESNICK AND

No. 24-4011
(D.C. No. 4:23-CV-00007-DN)
(D. Utah)

No. 24-4013
(D.C. No. 4:24-CV-00002-DN)
(D. Utah)

2

LOUIS, P.C.,

Defendants - Appellees.

_____

**ORDER AND JUDGMENT\***
_____

Before **PHILLIPS**, **CARSON**, and **FEDERICO**, Circuit Judges.
_____

These appeals stem from continuing and voluminous state-court litigation between Raymond Max Snyder and his ex-wife. Dissatisfied with the rulings and other aspects of their legal proceedings, Snyder filed four federal lawsuits against his ex-wife and the numerous government and private individuals and entities involved in the state-court proceedings. The district court dismissed his complaints for lack of subject matter jurisdiction, concluding his claims are barred by the *Younger*[1] and/or *Rooker-Feldman*[2] doctrines. The court also determined that Snyder is a

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

[2] *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

vexatious litigant and imposed filing restrictions. Snyder appeals and, exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

These consolidated appeals involve a plethora of courts, cases, and legal claims. We endeavor to briefly summarize them as background to these appeals.

Snyder's numerous state-court cases included his divorce proceedings in Nevada, a lawsuit against the insurance company that insured property that is the subject of his divorce proceedings in Utah, lawsuits against his ex-wife in North Carolina, cases related to the domestication of foreign judgments from Nevada and North Carolina litigation, lawsuits against his ex-wife's divorce attorneys and his own divorce attorneys, and a pending criminal case against him in Utah.

The numerous cases Snyder has filed are accompanied by a variety of legal claims. In the first three federal cases (on appeal before this court as case numbers 24-4009, 24-4010, and 24-4011), Snyder asserted claims alleging, inter alia, that various state-court judges violated his civil rights; a state court, a judge, and an attorney colluded to allow an insurance company to breach its contract with Snyder; his ex-wife and her attorney knowingly filed false documents during the couple's divorce-related litigation; police officers and a county attorney covered up the fact that

4

Snyder was poisoned with Viagra; and a police department set him up for arrest for criminal charges. In the fourth suit (case number 24-4013), he alleged that the Utah state court's rulings against him in his lawsuit against his former divorce attorneys (including its finding that he is a vexatious litigant) were improper, that his former attorneys exploited him during the divorce proceedings, and that his ex-wife assisted them in exploiting him and obtaining improper judgments against him. The facts underlying his claims in the four federal suits are the same as those involved in the state-court actions, and many of his federal claims are based on arguments that have been considered and rejected in the state courts.

Before the district court, the defendants in the first three federal suits filed motions to dismiss on various jurisdictional grounds under Federal Rule of Civil Procedure 12(b)(1) and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief. The district court referred the motions to a magistrate judge.

The magistrate judge issued a report and recommendation (R&R) concluding that Snyder's claims in the first three suits involved the same subject matter as state-court actions and recommending that the claims involving ongoing state-court actions be dismissed under the *Younger* doctrine. The magistrate judge further recommended that the claims involving any resolved state-court proceedings be dismissed under the

5

*Rooker-Feldman* doctrine. The magistrate judge also found Snyder is a vexatious litigant and recommended that the court impose filing restrictions on him in any cases in which he is proceeding pro se. Snyder timely objected to the R&R.

After considering and rejecting Snyder's objections, the district court adopted the magistrate judge's recommendations, dismissed the first three cases under *Younger* and *Rooker-Feldman*, imposed filing restrictions, and entered judgment for the defendants. In a separate order, the court sua sponte dismissed the complaint in the fourth case on the same grounds and entered judgment for the defendants.

Snyder appeals each district court judgment. He challenges both the dismissal orders and the imposition of filing restrictions. We procedurally consolidated the appeals for briefing and decisional purposes.[3]

## II

As an initial matter, we note that contrary to Snyder's contention, the district court did not dismiss his complaints based on "improper vexatious

---

[3] After judgment entered in the first three district court cases, Snyder's ex-wife and her divorce attorney moved for attorney fees and costs. The district court granted the motions and entered an award for the ex-wife; it has not yet determined the amount of fees to be awarded to her attorney. Snyder's appeals of the order awarding fees to his ex-wife (Case Nos. 24-4102 and 24-4103) are not presently before us. Accordingly, we do not address the arguments in his brief about the attorney fees issue.

litigant designations by the state courts." Aplt. Combined Opening Br. at 10. Rather, the district court dismissed his complaints under the *Younger* and *Rooker-Feldman* doctrines.[4] We review de novo the dismissal of a complaint for lack of subject matter jurisdiction. *Guttman v. Khalsa*, 446 F.3d 1027, 1031 (10th Cir. 2006).

*Younger* and *Rooker-Feldman* both bar federal interference with state court decision-making. As pertinent here, the difference between them is the procedural stage at which the bar applies. *Younger* prevents federal district courts from interfering in an ongoing state proceeding. *Weitzel v. Div. of Occupational & Pro. Licensing of the Dep't of Com. of Utah*, 240 F.3d 871, 875 (10th Cir. 2001). *Rooker-Feldman* prevents lower federal courts from reviewing final decisions of state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

To the extent Snyder's state-court proceedings are ongoing, the district court correctly applied *Younger*, which requires a federal court to abstain from hearing a case where "(1) state judicial proceedings are ongoing; (2) state proceedings implicate an important state interest; and (3)

---

[4] Given that the district court dismissed the complaints under these doctrines for lack of jurisdiction, it did not address the merits of his claim. We thus reject his argument that the court violated his right to due process by not considering the exhibits attached to his complaint and by not docketing his motion for summary judgment.

the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003). The state proceedings at issue here implicate important state interests. *See Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) ("It is well-established that federal courts lack jurisdiction over the whole subject of the domestic relations of husband and wife, and parent and child." (brackets and internal quotation marks omitted)); *Thompson v. Romeo*, 728 F. App'x 796, 798 (10th Cir. 2018) (unpublished) (affirming *Younger* dismissal of claims arising from allegedly unconstitutional orders entered in ongoing state-court divorce proceeding);[5] *Winn v. Cook*, 945 F.3d 1253,1258 (10th Cir. 2019) ("For the purposes of *Younger*, state criminal proceedings are viewed as a traditional area of state concern." (internal quotation marks omitted)).

Snyder has not shown that the state proceedings did not provide an adequate opportunity to litigate federal constitutional issues – his disagreement with the state courts' rulings does not mean those courts are an inadequate forum. *See Winn*, 945 F.3d at 1258 ("*Younger* requires only the availability of an *adequate* state-court forum, not a favorable result in the state forum."). And he has not met his "heavy burden" to overcome the

---

[5] We cite unpublished decisions for their persuasive value only and do not treat them as binding precedent. 10th Cir. R. 32.1(A).

8

bar of *Younger* abstention by establishing that an exception applies. *Phelps v. Hamilton*, 59 F.3d 1058, 1066-68 (10th Cir. 1995); *see Younger*, 401 U.S. at 54 (creating exception on "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief").

To the extent Snyder's state-court proceedings have concluded, the district court correctly applied the *Rooker-Feldman* doctrine, which prohibits a lower federal court from considering claims actually decided by a state court and claims, whether raised in state court or not, that are "inextricably intertwined" with a prior state-court judgment such that the federal court "is in essence being called upon to review the state court decision." *Feldman*, 460 U.S. at 482 n.16. Snyder does not dispute that his federal constitutional claims depend on the alleged invalidity of the state-court proceedings and that they ask the federal district court to do what *Rooker-Feldman* prohibits – revisit and invalidate state-court decisions.

### III

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010). Filing restrictions "are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant must do to obtain permission to file an action; and (3)

9

the litigant received notice and an opportunity to oppose the court's order [imposing filing restrictions] before it [was] instituted." *Id.* (internal quotation marks omitted). A court's discretion in imposing filing restrictions and fashioning appropriate filing requirements is "extremely broad," and we will affirm its decision to do so absent an abuse of that discretion. *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989) (per curiam).

Snyder first argues that the district court lost its authority to impose filing restrictions after concluding it lacked subject matter jurisdiction over his claims. But "a federal court may consider collateral issues after an action" has been "dismissed for want of jurisdiction." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990).

That is exactly what happened here. The district court's order imposing filing restrictions did not pass judgment on the merits of his claims, so it did not implicate jurisdiction. Rather, it involved only collateral matters related to whether he had abused the judicial process and, finding that he did, what sanction would be appropriate. *See Judd v. Univ. of N.M.*, 204 F.3d 1041, 1044 (10th Cir. 2000) (imposing filing restrictions after dismissing appeal for lack of jurisdiction).

Next, Snyder argues that the district court abused its discretion in imposing filing restrictions because it did so based on state-court

determinations that he is a vexatious litigant, which he claims are wrong. We do not have jurisdiction to review his challenges to the state courts' decisions, and we see no abuse of discretion here.

In the R&R, the magistrate judge recommended that the court designate Snyder a vexatious litigant and impose filing restrictions, then listed the proposed restrictions. Snyder thus had notice of the restrictions, and he opposed them in his objections to the R&R. In its order, the district court explained that its vexatious litigant designation and finding that "reasonable procedures are necessary to restrict future abuses" were based on Snyder's "conduct in these cases and in other courts." R. (Case No. 24-4009), vol. VIII at 299. In support of its finding that he has "a lengthy history of abusive litigation," the court detailed his numerous state and federal court lawsuits and noted that he had "been the subject of sanctions" and had "been found to be a vexatious litigant by at least two different Utah state courts." *Id.* at 296. And the court observed that by filing multiple federal cases, he had "flood[ed] the docket with filings." *Id.*

Thus, contrary to Snyder's contention, the court based its imposition of filing restrictions not on the state-court vexatious-litigant determinations, but on its own findings about his abusive litigation conduct in both state and federal courts.

11

The record supports the district court's conclusion that his litigation history establishes a sufficiently abusive pattern to merit filing restrictions. The restrictions imposed are sufficiently tailored and are not excessively burdensome, because they allow Snyder to file suit if he is represented by a licensed attorney and explain the steps he must take if he were to again proceed pro se. *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992).

**IV**

Snyder also filed numerous motions in this court, several of which remain pending: (1) "Appellant Brief Confirming the U.S. District Court, District of Utah's Ongoing Deception, Bad Faith, and Fraud, and Motion to Allow Pleadings" (filed Mar. 8, 2024); (2) "Consolidated Request for Directions," which seeks to reverse the vexatious litigant designations against him; (3) "Consolidated Request to Submit" (filed Sept. 9, 2024); and (4) "Consolidated Motion to Find Defendants Obstructed Justice in the States of Utah and Nevada" (filed Sept. 23, 2024).

Having considered all the pending motions, and noting that some are now moot, we determine that none of the motions warrant further discussion and all of them are denied.

**V**

We AFFIRM the district court's judgments dismissing Snyder's complaints for lack of subject matter jurisdiction and the district court's

order designating him a vexatious litigant and imposing filing restrictions.

We DENY all of Snyder's pending motions.

Entered for the Court

Richard E.N. Federico
Circuit Judge